IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN LEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER:   1:11-cv-4905 |
| | ) | |
| ILLINOIS BELL TELEPHONE COMPANY, | ) | |
| a Illinois Corporation, d/b/a | ) | JURY DEMANDED |
| AT&T ILLINOIS, | ) | |
| Defendant. | ) | |

_____

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, BENJAMIN LEE, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and for his Complaint against the Defendant, ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T ILLINOIS (hereinafter referred to as "Defendant"), alleges and states as follows:

**NATURE OF CLAIMS**

1. Plaintiff brings this action to remedy discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"). Plaintiff seeks legal and equitable relief, including, but not limited to, placement in previously held position, adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff is an African-American male citizen of the United States and currently is a resident of Blue Island, Illinois. Plaintiff has been diagnosed with a herniated cervical disc and cervical spondylosis.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Plaintiff was at all relevant times employed by Defendant and at all relevant times worked for the Defendant in the State of Illinois under their authority and control.

**PROCEDURAL REQUIREMENTS**

9. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff timely filed Charges of Discrimination against Defendant with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit "A".

**FACTUAL BACKGROUND**

10. Plaintiff began his employment with Defendant on or about April 17, 2000.

11. At all times throughout the course of his employment, Plaintiff has performed his job to the satisfaction of his employer.

12. Plaintiff is widely regarded by his fellow employees as a skilled and hardworking employee.

13. Plaintiff's initial position with the Defendant was as a customer systems technician, and Plaintiff's most recently held position with the Defendant was as a construction technician.

14. On or about September 15, 2008, Plaintiff was injured during the course of his employment when the service van that he was a passenger in was struck from behind.

15. As a result of the vehicular accident, Plaintiff had immediate neck pain and headaches, and was taken to an emergency room for treatment. Plaintiff's neck pain became

progressively worse, and in or around December of 2008, Plaintiff was diagnosed with a herniated cervical disc.

16. From in or around January of 2009 to on or about May 15, 2009, based on the September 15, 2008 incident, Plaintiff was restricted to light duty activity.

17. On or about May 15, 2009, Plaintiff's supervisor, Mr. Gary Marion, informed Plaintiff that there was no more light duty work for Plaintiff to perform, and Mr. Marion instructed Plaintiff to go home.

18. In or around August of 2009, Plaintiff underwent an Independent Medical Evaluation conducted by neurosurgeon Sean A. Salehi, MD. As a result of the evaluation, Dr. Salehi recommended that Plaintiff undergo a two week Work Conditioning Program ("WCP"), after which Plaintiff could return to his pre-injury level of work without restrictions. Dr. Salehi further stated that prior to returning to his pre-injury level of work, Plaintiff could work in a light duty capacity that included the following accommodations: (1) no lifting over 20 lbs; (2) no pushing or pulling over 35 lbs; and (3) no overhead work until the Plaintiff's completion of the WCP.

19. Defendant did not discuss or establish that Plaintiff is unable to perform his normal duties with or without reasonable accommodation.

20. Defendant has regarded Plaintiff as having a substantially limiting impairment.

21. As of May 15, 2009, Defendant has affirmatively refused to let Plaintiff return to his previously held position with Defendant.

**COUNT I – VIOLATION OF ADA**
**(Discrimination Based Upon Disability)**

4

1-21. Plaintiff realleges Paragraphs 1-21 of the previous sections of the Complaint as Paragraphs 1-21 of this Count I.

22. Based on information and belief, Defendant has wrongfully refused to reinstate Plaintiff to his previously held position based upon his diagnosis of a herniated cervical disc and cervical spondylosis.

23. Based on information and belief, Defendant's refusal to reinstate Plaintiff to his previously held position constituted and was the result of discrimination based upon a perceived disability that the Plaintiff could not work for Defendant with modest accommodations, in violation of the ADA.

24. Based on information and belief, Defendant's refusal to reinstate Plaintiff to his previously held position constituted and was the result of discrimination based upon disability by the Defendant, in violation of the ADA.

25. Plaintiff has exhausted his administrative remedies, by filing a Charge of Discrimination on October 15, 2009 with the Illinois Department of Human Rights (hereinafter referred to as the "IDHR") and the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on the basis of disability discrimination (Charge Number 2010-CF-1147), whereupon the EEOC issued a right to sue letter.

26. The Defendant's refusal to reinstate Plaintiff to his previously held position caused Plaintiff to suffer a loss of wages and other compensation, loss of his home, loss of savings, and loss of personal property.

27. The Defendant's refusal to reinstate Plaintiff to his previously held position caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

28. Plaintiff is entitled to the recovery of compensatory and punitive damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to his formerly held position with Defendant that is commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

B. Ordering the Defendant to pay to Plaintiff the wages and other compensation lost, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory and punitive damages incurred as a result of its acts of discrimination;

D. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT II – VIOLATION OF TITLE VII
**(Discrimination Based Upon Race)**

1-28. Plaintiff realleges Paragraphs 1-28 of the previous sections of the Complaint as Paragraphs 1-28 of this Count II.

29. Plaintiff was denied the opportunity to retain his previously held position with Defendant when Plaintiff's supervisor informed Plaintiff that there was no light duty work to be done, despite the fact that Caucasian employees who were involved in the same vehicle accident with Plaintiff on September 15, 2008 did retain their previously held position by being assigned light duty work.

30. The assigning of light duty work to similarly situated Caucasian employees over Plaintiff constituted and was the result of discrimination based upon race by the Defendant, in violation of Title VII.

31. Plaintiff has exhausted his administrative remedies, by filing a Charge of Discrimination on October 16, 2009 with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on the basis of racial discrimination (Charge Number 440-2010-00260), whereupon the EEOC issued a right to sue letter.

32. The Defendant's refusal to reinstate Plaintiff to his previously held position caused Plaintiff to suffer a loss of wages and other compensation.

33. The Defendant's refusal to reinstate Plaintiff to his previously held position caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

34. Plaintiff is entitled to the recovery of compensatory and punitive damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to his formerly held

position with Defendant that is commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

B. Ordering the Defendant to pay to Plaintiff the wages and other compensation lost, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory and punitive damages incurred as a result of its acts of discrimination;

D. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL

                                      Respectfully submitted,

                                      BENJAMIN LEE

By:    /s/ Anthony J. Peraica       
      ONE OF HIS ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS 60632
773-735-1700